UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
Briann Michelle Clark,

    Debtor.
_____/

Chapter 13  
Case No. 12-65044  
Hon. Phillip J. Shefferly

### ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL

On November 13, 2012, the Debtor filed this Chapter 7 case. On December 10, 2012, the Court entered an order denying the Debtor's application to pay the filing fee in installments. The Debtor filed a motion to modify that order and, on December 20, 2012, the Court entered an order denying that motion and dismissing this case because of the Debtor's failure to pay the filing fee. On December 26, 2012, the Debtor filed a motion for reconsideration, which this Court denied on January 2, 2013. The Debtor has appealed the order denying her motion for reconsideration. On January 24, 2013, the Debtor filed an emergency motion for stay pending appeal (docket entry no. 28). This order addresses that motion.

Fed. R. Bankr. P. 8005 governs motions for a stay pending appeal. In deciding such motions, "[t]he court balances the traditional factors governing injunctive relief . . . ." Baker v. Adams County/Ohio Valley School Board, 310 F.3d 927, 928 (6th Cir. 2002). The factors to be considered are

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

Id. (citing Grutter v. Bollinger, 247 F.3d 631, 632 (6th Cir. 2001)). "'These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.'"

Grutter v. Bollinger, 137 F. Supp. 2d 874, 875 (E.D. Mich. 2001) (quoting Michigan Coalition of Radioactive Material Users Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)).

The Debtor's motion for stay pending appeal in this case alleges that "there is strong evidence" that the Bankruptcy Court erred by dismissing this case; that the Debtor will suffer irreparable harm absent a stay because of actions taken against her by her creditors; that there will be no harm to other parties by the granting of a stay pending the Debtor's appeal; and that the public interest "would be substantially served and not adversely affected by a stay in this case . . . ."

The first issue is the likelihood of success of the Debtor's appeal. The Debtor does not deny that her case was dismissed because she failed to pay the required filing fee. Rather, the Debtor's real complaint is that the Bankruptcy Court did not grant her application to pay the filing fee in installments, but instead required her to pay the fee in full. The Debtor seems to believe that she is entitled to pay the filing fee in installments. Not so. Fed. R. Bankr. P. 1006(b)(2) is clear in stating that the Bankruptcy Court "may order the filing fee" to be paid in installments. It is not automatic.

When the Court denied the Debtor's application to pay the filing fee in installments in this case by entry of the order on December 10, 2012, the Court explained that the reason it was exercising its discretion to deny the Debtor's request was because the Debtor had filed five bankruptcy cases and, more importantly, in the last four cases, the Debtor has not paid *any* filing fee. The Debtor filed case no. 09-54048 on May 4, 2009, was granted leave to pay the filing fee in installments, and then failed to pay the filing fee and failed to attend the § 341 meeting of creditors. The Debtor filed case no. 12-48423 on April 2, 2012, and again was granted leave to pay the filing fee in installments. Again, the Debtor failed to pay the filing fee, and that case was dismissed because of her failure to file required documents. The Debtor filed case no. 12-58020 on August 3,

2012, and again was granted leave to pay the filing fee in installments. True to form, the Debtor failed to pay the filing fee, and that case was dismissed because the Debtor once again failed to attend the § 341 meeting. So when the Debtor filed this case and again requested permission to pay the filing fee in installments, the Court determined to exercise its discretion to deny the Debtor leave to pay the filing fee in installments because of her history of filing cases, requesting more time to pay the filing fee, and then not paying the filing fee and not complying with other basic requirements for filing and prosecuting a bankruptcy case.

The Court is very lenient in granting applications for leave to pay filing fees in installments for debtors who cannot afford to pay them in a lump sum when the case is filed. But with the fourth case in a row where the Debtor asked for leave to pay the fee in installments, and with no fee paid in the prior three cases, the Court concluded that this was not a proper case to exercise its discretion under Fed. R. Bankr. P. 1006(b)(2). There is nothing in the Debtor's motion for stay pending appeal to show that the Debtor has any likelihood of success in persuading an appellate court that this Court erred by denying her application to pay the filing fee in installments or erred by dismissing her case when she failed to pay the required filing fee in full in this Chapter 13 case.

Even if the Debtor's motion for stay pending appeal shows a likelihood of success on the merits of her appeal, which it does not, the Debtor's motion fails to show that the Debtor is suffering any irreparable harm from the dismissal of her case. Having creditors pursue her to enforce their lawful remedies does not constitute irreparable harm. Further, the Debtor's motion overlooks the fact that even if her case had not been dismissed, and even if the Court were to somehow reinstate it at this late date, there was never any automatic stay in this bankruptcy case under § 362(a) of the Bankruptcy Code because the Debtor had two bankruptcy cases dismissed within the one year before

-3-

12-65044-pjs    Doc 29    Filed 01/28/13    Entered 01/28/13 15:56:00    Page 3 of 4

filing this bankruptcy case. Therefore, under § 362(c)(4), there has never been an automatic stay in this case. Further, because of the dismissal of two prior bankruptcy cases within the year before this bankruptcy case was filed, this case was presumptively filed in bad faith under § 362(c)(4) of the Bankruptcy Code. The Court's decision to dismiss this case for failure to pay the filing fee did not remove any stay, because there was never a stay in place in this case to begin with. The Debtor's motion does not show any irreparable harm that the Debtor has suffered as a result of the Court's decision to deny her application to pay the filing fee in installments and dismiss her case for failure to pay the required filing fee.

As for the last two criteria for issuance of a stay, suffice it to say that the Debtor's motion simply alleges the presence of such criteria in conclusory terms, and provides no facts to persuade the Court that these two criteria are present to support her motion.

In sum, although the Debtor's motion purports to address each of the criteria to be considered in connection with a request for a stay pending appeal, the Court concludes that the Debtor's motion does not demonstrate the presence of any of the factors that must be shown to obtain a stay pending appeal. Accordingly, for these reasons,

**IT IS HEREBY ORDERED** that the Debtor's emergency motion for stay pending appeal (docket entry no. 28) is denied.

.

**Signed on January 28, 2013**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**